UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-20442-CR-MOORE

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

JOAN MARTINEZ-GARCIA,

 Defendant.

            /

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant, Joan Martinez-Garcia, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 32, hereby files these objections to the presentence investigation report (PSI).  In support of this request, Mr. Martinez-Garcia states as follows:

### FACTUAL HISTORY

Mr. Martinez-Garcia is a 27-year-old man from the Dominican Republic who has worked as a fisherman his entire life.  PSI ¶ 50.  He never went to school or received any formal education, and he cannot read or write.  *Id.* ¶ 48.

Along with his co-defendant, Mr. Martinez-Garcia was recruited to transport cocaine from Colombia back to the Dominican Republic by boat.  Mr. Martinez-Garcia had no ownership stake in the cocaine; nor was he involved in the organization or planning of the operation or route.  Indeed, he was recruited for this trip the same day he set off.  Mr. Martinez-Garcia was simply a crewmember who assisted unknown others higher up in the organization in the transportation of the drugs from a

1

predetermined Point A to Point B, by way of a vessel on the open seas.  Much like a drug courier who flies from Point A to Point B with drugs hidden in a suitcase, Mr. Martinez-Garcia was a minor participant who was less culpable than most other participants in this drug-trafficking conspiracy.

**GUIDELINE OBJECTIONS**

### A. Safety Valve

Probation did not credit Mr. Martinez-Garcia with the two-point reduction for safety valve under U.S.S.G. § 2D1.1(b)(18).  PSI ¶ 14.  As Probation correctly notes, Mr. Martinez-Garcia meets the safety valve criteria set forth in § 5C1.2(a)(1)-(4). Further, Mr. Martinez-Garcia has provided a truthful and complete statement to the government outlining the information and evidence he has concerning this offense, meeting the requirements of § 5C1.2(a)(5).  Therefore, he qualifies for this reduction.

### B. Minor Role

In the PSI, Mr. Martinez-Garcia has not been given a reduction for his role in the offense.  PSI ¶ 19.  He objects to not receiving, pursuant to U.S.S.G. § 3B1.2(b), a two-level minor role reduction and a corresponding three-level reduction in his base offense level, pursuant to U.S.S.G. § 2D1.1(a)(5)(iii).

U.S.S.G. § 3B1.2(b) provides for a two-level reduction if "the defendant was a minor participant in any criminal activity."  The determination as to whether a defendant should receive a role reduction is a fact-based determination and is "heavily dependent on the facts of the particular case."  *See* U.S.S.G. § 3B1.2 App. N. 3(C).  The application notes provide that a minor participant "applies to a defendant . . . who is less culpable than most other participants, but whose role would not be

described as minimal." *See* U.S.S.G. § 3B1.2 App. N. 5.  As part of the November 1, 2015 amendments to the guidelines, the Sentencing Commission expressed the opinion that sentencing courts are not granting mitigating role reductions for low-level offenders as much as the Commission had intended.  *See* U.S.S.G. Appendix C, amend. 794.

In the instant case, Mr. Martinez-Garcia qualifies for the minor role reduction because he is less culpable than most other participants in the conspiracy to which he pleaded guilty.  He is less culpable than the individuals who recruited him and others to participate in the smuggling operation; he is less culpable than the suppliers of the cocaine; he is less culpable than the individuals organizing the transportation of the cocaine; and he is less culpable than the intended recipients who ultimately were to distribute the cocaine.

In drug cases such as the present case, a role reduction is especially important because it is directly tied to the base offense level determination under U.S.S.G. § 2D1.1.  Specifically, § 2D1.1(a)(5) provides that "if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level . . . is (i) 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels."  Additionally, the Application Notes to § 3B1.2 provide that in drug cases where a defendant's base offense level is determined pursuant to § 2D1.1(a)(5), the Court shall additionally reduce that base offense level based on the defendant's mitigating role.  *See* U.S.S.G. § 3B1.2 App. N. 6.

Recently, as noted by the Sentencing Commission as part of the November 1, 2015 amendment to the mitigating role provision, after conducting an in-depth

national study, the Sentencing Commission found that sentencing courts were still not applying the mitigating role reduction as often as was intended by the Commission. *See* U.S.S.G. App. C, Amend. 794.

Based on this study's findings, the Commission's clarifying November 1, 2015 amendment to § 3B1.2 was created in hopes of fostering a greater application of the mitigating role reduction for defendants who perform relatively low-level functions, specifically including "mules" and "couriers," for large drug trafficking organizations. *Id*. It is the intent of the Commission by way of the Amendment to address the Commission's observation "that courts often [incorrectly in the eyes of the Commission] deny mitigating role to otherwise eligible defendants if the defendant was considered 'integral' to the successful commission of the offense." *Id*. In response to the "inconsistent" and "sparse" application of the mitigating role adjustment, the amendment to the guidelines was designed specifically to "provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." *Id*. Specifically, the amendment "addresses a circuit split and other case law that may be discouraging courts from applying the adjustment in otherwise appropriate circumstances." *Id*. To assist courts and to encourage them to apply the adjustment more frequently, the Commission has provided sentencing courts with "a non-exhaustive list of factors for the court to consider in determining whether an adjustment applies and, if so the amount of the adjustment." *Id*. The Commission's November 1, 2015 amendment directs sentencing courts to consider:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;

> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decisionmaking authority or influenced the exercise of decisionmaking authority;
>
> (iv) the nature and the extent of the defendant's participation in the commission of the criminal activity, including acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, App. N. 3(C).

Additionally, and of great significance to the present case, the amendment further provides that:

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*Id.*

Applying the factors in the Commission's 2015 amendment to the facts of this case demonstrates that Mr. Martinez-Garcia should receive a two-level minor role reduction and by consequence a three-level reduction in his base offense level pursuant to § 2D1.1(a)(5)(iii). As a simple courier or transporter of drugs:

> (i) Mr. Martinez-Garcia had little or no degree of understanding of the scope and structure of the

overarching criminal activity; he was simply instructed to assist in the transportation of the cocaine from point A to point B.

(ii)    Mr. Martinez-Garcia had no role in the planning or organization of the criminal activity, including no role in the planning or organization of the transportation operation itself.

(iii)    Mr. Martinez-Garcia had no decision-making authority, nor did he have any influence regarding the exercise of decision-making authority. He simply followed the directions of others.

(iv)    The nature and extent of Mr. Martinez-Garcia's activity and participation was limited to his assistance with the transportation of cocaine by boat. He served simply as a crewmember on the boat, following orders as to where to go and when. He had little or no discretion in determining the planned route or course of action.

(v)    The only benefit Mr. Martinez-Garcia expected to receive for his role in the instant offense was $20,000 USD, plus 50,000 Dominican pesos (about $885 USD). In any case, this sum is extremely minor in light of the street value of the drugs he was transporting (approximately $11.375 million USD).[1]

Based upon the newly created factors this Court is directed by the Sentencing Commission to consider in determining when to apply a mitigating role reduction pursuant to U.S.S.G. § 3B1.2, Mr. Martinez-Garcia respectfully submits that this Court should find that he qualifies for a two-level minor role reduction and a corresponding § 2D1.1(a)(5) three-level reduction.

---

1. On November 19, 2015, the U.S. Coast Guard estimated that one kilogram of cocaine sells for approximately $25,000 in the United States. *See* http://www.cbsnews.com/news/what-800-million-worth-of-cocaine-looks-like.

In this case, should the Court agree with the defense that safety valve applies, and should it grant the two-point reduction for minor role, Mr. Martinez-Garcia's advisory guideline range would decrease to 70 to 87 months.[2]

Respectfully Submitted,

**MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER**

BY:    */s/Kate Mollison*
Kate Mollison
Assistant Federal Public Defender
Florida Special A No. A5502482
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:   305-530-7000
E-Mail Address: Kate_Mollison@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 1, 2023**, undersigned counsel electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/Kate Mollison*
Kate Mollison

---

2. Starting at a level 38, Mr. Martinez-Garcia's base offense level would decrease to 34, pursuant to § 2D1.1(a)(5)(iii).  He would then receive an additional two-point reduction for minor role.  *See* U.S.S.G. § 3B1.2 App. N. 6.  He would also receive two points off for safety valve, and three points off for acceptance of responsibility.  Mr. Martinez-Garcia's adjusted offense level would be 27, which (with a criminal history category I) yields an advisory guideline range of 70 to 87 months.