UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     CASE NO. 22-20442-CR-MOORE

KELVIN ANTONIO POLANCO,

      Defendant.

_____/

### OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND MEMORANDUM OF LAW

COMES NOW, the Defendant, KELVIN ANTONIO POLANCO, by and through his undersigned counsel and files his Objections to the Presentence Investigation Report (hereafter, "PSI"). [DE: 38] In support, Mr. POLANCO states as follows:

### OBJECTIONS

1.   Defendant objects to paragraphs 9 and 18 where no mitigating role assessment is recommended. Mr. Polanco, who was 25 years old at the time of the offense, was merely a crewmember who assisted in the transportation. He seeks a 2-level minor participant role adjustment.

2.   Defendant objects to paragraph 15 as it should be reduced to a base offense level of 34 pursuant to §2D1.1(a)(5)(iii). He would then receive an additional two-point reduction for minor role. See U.S.S.G. § 3B1.2 App. N. 6. He would also receive two points off for the safety valve provision. See U.S.S.G. § 5C1.2 and 2D1.1(b)(18).

3.   Defendant objects to paragraphs 20, 24, and 63 of the PSI. His adjusted offense level is 30, taking into account the two (2) points off for the safety valve provision. His total offense level is 27. Based on said level of 27 and a criminal history category of I, the guideline imprisonment range is 70 to 87 months.

4.   Defendant seeks a downward variance based on Defendant being a first time offender, his family needs, and the unlikelihood of recidivism.

## MEMORANDUM OF LAW

Mr. Polanco, is not the owner of the cocaine. He did not supervise anyone. He was recruited and did not recruit anyone. He assisted in the transportation of the cocaine.

Mr. Polanco has no level of sophistication. His role is similar to that of a courier and/or delivery man.  He did not control the GPS device. He did not have decision-making authority. He did not participate in planning. He did not set the price of the drugs. He does not even know what the price of the drugs are. He had no equity and/or proprietary interest in the venture. Based on all the facts and circumstances, he is entitled to a mitigating minor role.

An individual who serves as a delivery man or courier is not automatically entitled to a minor role adjustment. *United States v. Leon,* U.S. App. Lexis 15523 (2nd Cir. 2007). Nonetheless, couriers in numerous cases have been awarded the two level reduction pursuant to U.S.S.G. §3B1.2(b). See *United States v. Leon,* U.S. App. Lexis 15523 (2nd Cir. 2007) (granting a two level minor role reduction to a drug courier convicted of conspiracy to distribute 100 grams or more of heroin); *United States v. Vicari,* 228 Fed. Appx. 593 (6th Cir. 2007) (wherein a drug courier convicted of conspiracy to distribute 445 kilograms of marijuana received a two level reduction for his minor role); *United States v.*

2

*McNeil,* 1998 U.S. App. Lexis 21660 (10th Cir. 1998) (approving a two level reduction for a drug courier convicted of conspiracy to distribute 11 kilograms of PCP); *United States v. Caruth,* 930 F. 2d 811 (10th Cir. 1991) (wherein a two level minor role reduction was granted to a drug courier convicted of conspiracy to distribute 50 kilograms of marijuana).

In *United States v. Cruickshank*, 837 F.3d 1182, 1192-95 (11th Cir. 2016), the Court addressed Amendments 635 and 794 to the Sentencing Guidelines and the non-exhaustive list of factors for the Court to consider in determining whether or not an individual as Mr. Polanco is deserving of a mitigating role adjustment. The evidence, as to Mr. Polanco, is indicative of the following: (i) he did not understand the scope and structure of the criminal activity; (ii) Mr. Polanco had no participation in the planning or organizing of the criminal activity; (iii) Mr. Polanco did not exercise decision-making authority or influence the exercise of decision-making authority; (iv) the nature and extent of Mr. Polanco's participation is limited to this one venture; (v) Mr. Polanco's involvement was in exchange/for money so he could assist his father and siblings'; and (vi) Mr. Polanco did not have a proprietary interest in the criminal activity. *Id*. at 1193-1194.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2023, I electronically filed the foregoing document/pleading with the Clerk of the Court using CM/ECF.

3

Respectfully submitted,

MANUEL GONZALEZ, JR., ESQ.
Attorney for Defendant
121 Alhambra Plaza, Suite 1500
Coral Gables, Florida 33134
(305) 444-1400
(305) 938-5009 (FAX)

BY:  /s/Manuel Gonzalez, Jr.
     MANUEL GONZALEZ, JR., ESQ.
     FLORIDA BAR NO. 397997
     mannylaw7@yahoo.com

4